# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ONCAM GLOBAL INC.<br>**Plaintiff,**<br>v.<br>ONCAM, INC.<br>**Defendant.** | Case No.: |

# COMPLAINT

1. Plaintiff Oncam Global Inc., ("Plaintiff"), complaining of Defendant, Oncam, Inc. ("Defendant"), alleges the following:

## NATURE OF THE ACTION

2. This is an action for infringement of Plaintiff's trademark rights, related unfair competition claims against Defendant and for cancellation of Defendant's registered trademark. Specifically, Defendant has wholly adopted Plaintiff's well-known and registered ONCAM trademark into its own trademark and trade name. Defendant uses its infringing trademark and trade name to offer services that compete or overlap with the services offered by Plaintiff. Such use is likely to lead to confusion in the marketplace and unlawfully trades off of Plaintiff's goodwill and reputation. Defendant's acts amount to trademark infringement and unfair competition and Plaintiff's seeks injunctive relief, damages, treble damages, and its attorney's fees and costs, as well as other relief authorized under federal and state law.

## JURISDICTION AND VENUE

3. This claim arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1114(1), 1119, and 1125(a) and common law.

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff's federal claim arises under the Lanham Act, 15 U.S.C. § 1125(a). This Court has subject matter jurisdiction over Plaintiff's related statutory and common law of Massachusetts claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5. This Court has personal jurisdiction over Defendant because, among other reasons, its tortious conduct has taken place in Massachusetts.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that, upon information and belief, Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts and/or the wrongful acts committed by Defendant occurred in and are causing injury in the Commonwealth of Massachusetts.

## THE PARTIES

7. Oncam Global Inc. is a Delaware corporation having its principal place of business at Building 5, Suite 2E, 900 Middlesex Turnpike, Billerica, Massachusetts.

8. Upon information and belief, Defendant Oncam, Inc., formerly known as Internet Sky Technologies, Inc., is a Delaware corporation with an address of 4350 E. Camelback Road, Suite A-110 Phoenix, Arizona 85018.

## PLAINTIFF AND ITS TRADEMARK RIGHTS

9. Plaintiff is an industry leader in remote video technology and its remote video devices and video management solutions are deployed throughout the world.

10. Beginning at least as early as January of 2009 in the United States, Plaintiff adopted and began to use the trademark ONCAM for goods and services related to intelligence systems and remote video solutions. Among other things, Plaintiff's products and services allow for the transmission or streaming of live or recorded footage and data from cameras and videos.

Specifically, Plaintiff is known worldwide for its 360-degree cameras and de-warping technology that allows consumers to have real-time access to remote video streams from around the world, including streams viewable on mobile devices through Plaintiff's downloadable mobile software application. Plaintiff's solutions and technology that allow for remote video transmission, viewing and management have applications that cross a wide variety of industries and consumer bases.

11. Since adopting the ONCAM trademark, Plaintiff has expended significant resources in the development of its business, goodwill and the reputation associated with the ONCAM trademark, including spending significant sums on advertising and promotional activities and investing substantial resources in protecting and enforcing its trademark rights in its ONCAM mark.

12. Plaintiff owns the exclusive rights to use the trademark ONCAM® in connection with electronic video surveillance equipment and installations ("ONCAM® Mark") throughout the United States as evidenced by its federal trademark registration no. 3,690,222 (the "'222 Registration"), a true and correct copy of which is attached as <u>Exhibit A</u> to this Complaint. Plaintiff's' '222 Registration for ONCAM is incontestable and is prima facie evidence of Plaintiff's exclusive right to use its registered mark in commerce.

13. Plaintiff also enjoys common law rights in its ONCAM Mark and stylized variants of its ONCAM mark (collectively, referred to as the "ONCAM Marks") by virtue of its use of the ONCAM Marks in interstate commerce with a variety of goods and services related to remote video solutions and related telecommunications, surveillance and business intelligence services since at least as early as 2009. The ONCAM Marks are valid, subsisting, distinctive and exclusively owned by Plaintiff.

14. As a result of Plaintiff's extensive promotional efforts and long use of its marks, the ONCAM Marks have become uniquely identified with Plaintiff in the minds of consumers and have come to signify the high quality of services offered by Plaintiff. Accordingly, Plaintiff has acquired invaluable goodwill in the ONCAM Marks and said ONCAM Marks has become well-known and recognizable to the public.

**DEFENDANT'S INFRINGING ACTIVITIES AND ACTS OF UNFAIR COMPETITION**

15. Despite Plaintiff's prior rights in and to the ONCAM Marks, on information and belief, Defendant commenced business using the name and identical trademark "ONCAM" in or around 2012, long after Plaintiff acquired exclusive rights in the ONCAM Marks.

16. Like Plaintiff's ONCAM-branded offerings, on information and belief, Defendant's products and services, among other things, allow for the transmission and/or streaming of live video and data from cameras.

17. Despite Plaintiff's prior rights in and to the ONCAM Marks, Defendant filed an application and obtained U.S. Trademark Registration No. 4,685,077 (the "'077 Registration") for the mark ONCAM, covering services that include or relate to the transmission of images or video.

18. Plaintiff has filed a petition to cancel Defendant's Registration No. 4685077 in Proceeding No. 92062413, which is currently pending in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board.

19. In addition to the '077 Registration, with full knowledge of Plaintiff's prior rights, Defendant filed pending trademark applications based upon Defendant's intent to use variations of the ONCAM mark with a variety of products and services, including Application Nos. 86229717, 86225470, 86225479, 86496306.

20.     Defendant offers and promotes its products and services under the ONCAM trademark throughout the United States, including in Massachusetts, through its website located at www.oncam.com and its downloadable software application offered through the Apple App Store.

21.     Despite, and with full knowledge of, Plaintiff's prior rights in its ONCAM Marks, Defendant recently began a press campaign promoting features and functions of Defendant's products and services that directly conflict or otherwise overlap with Plaintiff's products and technology offered for years under the ONCAM Marks.

22.     Specifically, in a December 10, 2015 news release, a copy of which is attached as Exhibit B, Defendant is described as "a brand new, high-intimacy, high scalability-broadcasting platform" and Defendant's ONCAM branded software application is described as having "live broadcasting and two-way streaming capability" and "revolutionary video compressing and multi-stream technology." The products, services, and offerings described in the news release are confusingly similar to those offered by Plaintiff under its identical prior ONCAM Marks.

23.     Because Defendant has adopted the identical ONCAM mark and Defendant's offerings are related to and/or overlap with those offered by Plaintiff under its ONCAM Marks, prospective purchases and others are likely to be confused as to whether the products or services offered under Defendant's mark emanate from or are in some way affiliated with, sponsored, or approved by Plaintiff. Indeed, Plaintiff has already received numerous inquiries regarding whether Defendant is affiliated or associated with Plaintiff.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement)**
**[15 U.S.C. §1114]**

24.     Plaintiff incorporates all prior allegations as if set forth fully herein.

25. This is a claim for infringement of the federally registered ONCAM® Mark arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26. Plaintiff is the exclusive owner of a federally registered trademark for the ONCAM® Mark and, accordingly, has express authority to take action to prevent actual or threatened infringement of its trademark.

27. Plaintiff has given notice to the public of its ONCAM® Mark registration under 15 U.S.C. § 1111. Such registration is incontestable and is in full force and effect.

28. Continually, for a long time prior to the acts of the Defendant complained of herein, Plaintiff has offered its goods under the well-known ONCAM® Mark. These goods have been and are now extensively advertised throughout the United States.

29. Continually, for a long time prior to the acts of the Defendant complained of herein, Plaintiff has been and is now marketing and offering its goods bearing the ONCAM® Mark in the Commonwealth of Massachusetts and elsewhere in interstate commerce. Through Plaintiff's extensive offering of its goods, the public has come to recognize Plaintiff's goods as being of excellent quality and reputation.

30. Plaintiff's advertising and promotional activities involving goods offered under the ONCAM® Mark have been continuous and have been for the purpose of acquainting the public with the excellent quality of Plaintiff's services so that consumers may, with knowledge and confidence, purchase and use goods bearing the ONCAM® Mark. As a result, the goods offered under the ONCAM® Mark are well-known, and the ONCAM® Mark has come to be and is recognized by the public as indicating that the goods bearing the ONCAM® Mark originate with Plaintiff.

31. By reason of their high quality and as a result of Plaintiff's continued and extensive sales, advertising and promotion, the goods offered under the ONCAM® Mark enjoy an excellent reputation among the public. The ONCAM® Mark registration, and all associated goodwill which have accrued to the ONCAM® Mark, are of great value to Plaintiff in the conduct of its business.

32. Defendant, with full knowledge of the distinctiveness and public recognition of the ONCAM® Mark, is promoting and offering products and services to the public under the ONCAM® Mark and such products and services are related to and/or confusingly similar to Plaintiff's products and services. Plaintiff has never authorized or consented in any way to the use of ONCAM® Mark for any of Defendant's services, nor has Plaintiff granted any license to the Defendant allowing such use.

33. Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

34. Defendant's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and to deceive the public unless preliminarily and permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

35. Defendant's use of the ONCAM® Mark in connection with its products and services infringes Plaintiff's exclusive rights in its federally registered trademarks, is likely to cause, and has caused, confusion, mistake or deception, and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition-False Designations of Origin,**
**False Descriptions and Representations)**
**[15 U.S.C. § 1125(a)]**

36. Plaintiff incorporates all prior allegations as if set forth fully herein.

37. Plaintiff's use and ownership of the ONCAM Marks predates any use of any mark or trade name that includes or is comprised of the word "ONCAM" by Defendant.

38. Defendant's use of "ONCAM" is use of a mark and trade name identical and/or confusingly similar to the ONCAM Marks owned by Plaintiff and as such, is confusing and misleading to the purchasing public.

39. The unauthorized use of the ONCAM Marks in connection with the products and services offered by the Defendant constitutes a false designation of origin and false description or representation that wrongly and falsely designates the services offered by the Defendant as originating from, connected with, sponsored or authorized by Plaintiff.

40. Defendant's acts as described in this Complaint constitute a false designation of origin and false description within the meaning of 15 U.S.C. § 1125(a). Plaintiff has been damaged and will continue to be damaged by Defendant's acts.

41. Plaintiff is without an adequate remedy at law and is entitled to a permanent injunctive relief.

**THIRD CLAIM FOR RELIEF**
**(Cancellation of Trademark)**
**[15 U.S.C. § 1119]**

42. Plaintiff incorporates all prior allegations as if set forth fully herein.

43. On information and belief, Plaintiff's actual and constructive dates of first use for its ONCAM word mark precede Defendant's filing dates, actual use dates, and any dates on which Defendant can rely.

44. Defendant's ONCAM trademark as shown in the '077 Registration is identical and/or confusingly similar to Plaintiff's ONCAM Marks.

45. The services identified in the '077 Registration are confusingly similar to the goods and services described in Plaintiff's registrations and applications for the ONCAM Marks, and those goods and services offered by Plaintiff in connection with its ONCAM Marks. Such goods and services are likely to be offered to and/or purchased by the same or overlapping classes of customers, and through the same or overlapping channels of trade, so that prospective purchasers and others are likely to be confused as to whether the services offered under Defendant's ONCAM mark emanate from or are in some way affiliated with, sponsored, or approved by Plaintiff, or are otherwise related to Plaintiff or Plaintiff's goods and services, thereby damaging Plaintiff.

46. Defendant is not entitled to its registration because the ONCAM mark, for use on or in connection with the services the '077 Registration, so resembles Plaintiff's previously used and registered ONCAM Marks as applied to Plaintiff's goods and services so as to be likely to cause confusion, to cause mistake or to deceive within the meaning of § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), thereby damaging Plaintiff.

47. In light of the foregoing, Plaintiff is not entitled to continued registration of the mark shown in the '077 Registration pursuant to Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

48. Plaintiff requests that this Court, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, order cancellation of U.S. Trademark Registration No. 4685077.

## **FIFTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement)**

49. Plaintiff incorporates all prior allegations as if set forth fully herein.

50. Defendant's conduct as described above constitutes trademark infringement and passing off in violation of the common law of the Commonwealth of Massachusetts.

51. Defendant's conduct as described above has caused and will continue to cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, such conduct will be continued and Plaintiff will continue to suffer irreparable injury.

52. Plaintiff has no adequate remedy at law.

53. Defendant's conduct described above has harmed Plaintiff's reputation and has caused damages to the Plaintiff in an amount to be determined.

54. Defendant's conduct described above has unlawfully enriched and benefited Plaintiff in an amount to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully asks that this Court:

1. Grant a preliminary and permanent injunction enjoining and restraining the Defendant, including its officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with it, from:

    A. substantially imitating, copying, counterfeiting, or making unauthorized use of the ONCAM Marks, including but not limited to use of the trademark and trade name Oncam, Inc.;

    B. using any false description or designation of origin or representation (including, without limitation, any letters, words, symbols, or other text) which can, or is likely to lead the trade or public, or individual members thereof, to believe that any service advertised or offered by the Defendant is in any manner associated or connected with Plaintiff or is associated, licensed, sponsored, or approved by Plaintiff;

C. engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and the ONCAM Marks;

D. engaging in any other activity constituting an infringement of the ONCAM Marks or Plaintiff's rights in or right to exploit the same;

E. engaging in further acts of unfair competition arising from the Defendant's unlawful and improper adoption and use of the ONCAM Marks;

F. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, acquiring, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of unauthorized products or services which infringe the ONCAM Marks;

G. causing an infringement of any of Plaintiff's ONCAM Marks or of Plaintiff's rights to use or to exploit said ONCAM Marks, or causing any dilution of Plaintiff's name, reputation or goodwill; and

H. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) through (G), above.

2. Enter an order:

    A. Finding that the Defendant has infringed the ONCAM Marks by the acts complained of herein;

    B. Finding that the Defendant has unfairly competed with Plaintiff by the acts complained of herein;

    C. Finding that the Defendant's '077 Registration and each of Defendant's pending trademark applications for the ONCAM trademarks described herein so resemble Plaintiff's previously used and registered ONCAM Marks as applied to Plaintiff's goods and services so as to be likely to cause confusion, to cause mistake or to deceive within the meaning of § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d);

    D. Cancelling U.S. Trademark Registration No. 4685077;

    E. Directing that all infringing and misleading materials in Defendant's possession, including but not limited to all signage, labels, mailings, circulars and advertisements, be delivered to an officer of the Court to be destroyed pursuant to 15 U.S.C. § 1118;

    F. Requiring that the Defendant, within thirty (30) days after service of notice of the entry of judgment, or an injunction pursuant thereto, file with the Court and serve on Plaintiff's counsel a written report under oath setting forth in detail the manner in which the Defendant has complied with the Court's order;

G. Awarding Plaintiff damages for the harm caused to its reputation and goodwill, and for Defendant's profits gained as a result of Defendant's wrongful actions, in an amount to be determined at trial;

H. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and investigators' fees in accordance with 15 U.S.C. § 1117; and

I. Awarding to Plaintiff such other and further relief as this Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

**ONCAM GLOBAL INC.**

By its attorneys,
BURNS & LEVINSON LLP

By: ___/s/ Sara Y. Beccia___
Deborah J. Peckham (BBO #564865)
Merton E. Thompson (BBO #637056)
Sara Y. Beccia (BBO #667277)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA 02110
Telephone: 617.345.3000
Facsimile: 617.345.3299
dpeckham@burnslev.com
mthompson@burnslev.com
sbeccia@burnslev.com

Dated: January 19, 2016

4852-0649-4764.1